Marvin P. SADUR, Appellant,

v.

Ellen M. ELLISON, Appellee.

Ellen M. ELLISON, Appellant,

v.

Marvin P. SADUR, Appellee.

Nos. 87–669, 87–684.

District of Columbia Court of Appeals.

Argued Nov. 21, 1988.

Decided Feb. 10, 1989.

Charles H. Mayer, Washington, D.C., for appellant and cross-appellee Marvin P. Sadur.

Harlan L. Weiss, with whom Leonard C. Greenebaum, Washington, D.C., was on the brief, for appellee and cross-appellant Ellen M. Ellison.

Before MACK, BELSON, and TERRY, Associate Judges.

PER CURIAM.

These are appeals from a suit by one former spouse against the other for breach of their private separation agreement and property settlement. The plaintiff, Ellen Ellison, brought suit against the defendant, Marvin Sadur, for alimony payments as to which she claimed he was in default and for reimbursement of certain expenditures for health care and insurance. Mr. Sadur brought a counterclaim to reform the agreement to reflect an unforeseen change in his circumstances that, he claimed, relieved Ms. Ellison of certain expenses that alimony was intended to cover. In an order granting partial summary judgment for Ms. Ellison, the motions judge found against Mr. Sadur on the counterclaim, and ruled that the only remaining issues in the case were what method should be used to compute alimony payments under the parties' agreement and whether Ms. Ellison was entitled to reimbursement for her expenditures on medical and dental care and health insurance premiums in the years 1981 through 1984. We affirm the motions judge's grant of summary judgment on the counterclaim and the trial judge's disposition of the issues that the motions judge identified as remaining in the case, but remand for consideration of two issues that were erroneously foreclosed by the grant of summary judgment, *viz.*, whether Ms. Ellison was entitled to reimbursement for medical, dental, and health insurance pre-

miums for one additional year, and whether she was entitled to recover attorney's fees.

■ As to Mr. Sadur's counterclaim, the trial court properly held that the separation agreement controlled; there was no basis for modification of the parties' contract to give Mr. Sadur credit for annual premium payments that would henceforth be waived. Mr. Sadur wrote the contract himself and initialled a provision that "[u]nder no circumstances shall Ellen's support be increased or decreased except on her remarriage." He also included in the agreement an integration clause, and thereby rendered irrelevant the alleged understanding that $6,000 of the $41,000 alimony payable annually to Ms. Ellison was included solely for the purpose of paying certain life insurance premiums, and should be excluded when the premium no longer had to be paid. *See Scrimgeour v. Magazine,* 429 A.2d 187, 188 (D.C.1981) (where contract contains integration clause, written language unless it is susceptible of misunderstanding will govern in the absence of fraud, duress or mutual mistake); *see also Minmar Builders, Inc. v. Beltway Excavators, Inc.,* 246 A.2d 784, 786 (D.C.1968) (executor of contract that includes integration clause will not be allowed to place own interpretation on what contract means or was intended to mean).

■ As to the method of computing the amount of alimony payments under the agreement so that Ms. Ellison would receive each year "$41,000 net of tax," the trial court found there were no applicable guidelines in the tax laws and regulations or in general principles of accounting. Three experts testified as to possible methods of computing the payments and allocating Ms. Ellison's itemized deductions between the alimony income and her separately sourced income. At oral argument both parties acknowledged that the task of the trial court with respect to the provision for $41,000 annual alimony "net of any tax liability" was to construe and apply the separation agreement in a fair and equitable manner; the trial judge stated in her findings that such was the basis for her choice of the computation method that was articulated by witness Daniel Fried, a certified public accountant who had been retained by both parties to prepare their joint, and later their separate, income tax returns. Fried's method produced a result that was between those reached by using the methods suggested by the other two experts. There is no basis for this court to find that choice erroneous.

As to reimbursement for medical and insurance expenditures for the years 1981 through 1984, we affirm the trial court. There was an adequate showing that these expenditures were "reasonably incurred" as required by the separation agreement.

The trial court did not rule on Ms. Ellison's medical expenses for 1985. A count asserting that claim was added to the second amended complaint, but by apparent oversight the motions judge did not address it. Nor did the court address the other count added at that time, a claim for counsel fees as provided by the separation agreement. Neither party addressed these claims at the summary judgment hearing, and the order granting partial summary judgment did not dispose of them despite its delineation of the issues remaining in the case. A motion for reconsideration calling this issue to the court's attention was denied.

We therefore remand the case to determine the amount of reimbursement due Ms. Ellison for her 1985 medical, dental, and insurance expenditures, and to consider her claim for attorney fees incurred in connection with collecting the amounts in default, but otherwise affirm.

AFFIRMED IN PART AND REMANDED IN PART, CONSISTENT WITH THIS OPINION.